## (June 23, 1966)

■ In the Matter of MAUR·CE H. RIBOLOW, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— In this proceeding to discipline respondent, an attorney who was admitted to the Bar by this court on October 31, 1952, this court referred the issues to a Referee for hearing and for a report setting forth his findings on the issues. The Referee has filed his report and the petitioner now moves to confirm and to disaffirm the report in respective parts and for the making of findings as to such portions of the charges as to which the Referee made no findings. The Referee found that, with respect to two negligence actions in which respondent had represented the plaintiffs, the Reichstadters in one action and Warren in the other, respondent had not willfully deceived these clients with respect to the status of the actions; the Referee made no findings as to whether respondent had neglected prosecution of the actions; and the Referee found that respondent had willfully failed to file timely closing statements with respect to the two actions. In January, 1960 respondent became an employee of an attorney (one Miller) with an active negligence practice. In January, 1961 Miller was suspended and in June, 1961 disbarred. Before the suspension, Miller was retained by the Reichstadters to recover damages arising out of an automobile accident. Suit was instituted against five defendants in the Supreme Court, Kings County, but the case was never placed on the calendar. Prior to January, 1961 Miller settled with the insurance carrier for one of the defendants for $2,000. Respondent was substituted in January, 1961. On July 3, 1961 one of the defendants moved to dismiss for failure to prosecute. Although respondent advised the clients that the case was being placed on the calendar, he never did so; the motion to dismiss was adjourned 15 times until April 5, 1962, when it was granted on default. Judgment of dismissal, together with costs, was entered August 28, 1962. Respondent never moved to vacate the default and never informed the clients that the action was never placed on the calendar or that it had been dismissed. Miller was retained to represent Warren to recover damages arising out of an automobile accident in April, 1955. In April, 1961 the case was marked off the calendar in the City Court, Kings County. On May 29, 1961 respondent was substituted as attorney in place of Miller. Respondent claims he discussed settlement of the case with the insurance carrier in November, 1961, but to no avail. On July 3, 1963 he mailed an affidavit to his client in preparation for a motion to restore the case to the calendar. Although the affidavit was executed and returned to respondent, the motion to restore was never made. Respondent never informed the client that the action was dismissed or that the motion to restore was not made. In our opinion, the Referee should have found that respondent had willfully deceived the clients in both of the above-mentioned cases and that respondent was guilty of neglect in both cases. We herewith make such findings. The finding of willful failure to file closing statements in both cases is confirmed. In view of the facts that (1) there are only two cases involved; (2) both cases were of doubtful merit; and (3) respondent acted with complete co-operation and candor throughout the disciplinary proceedings against him, the discipline is limited to a public censure. Petitioner's motion is disposed of as above indicated and respondent is hereby censured. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.